FILED
U.S. District Court
District of Kansas
10/28/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SHAWANDA L. HATLEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3261-JWL**

**JOHN/JANE DOE, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. The Court screened Plaintiff's Amended Complaint (Doc. 5) and entered a Memorandum and Order (Doc. 7) ("M&O") ordering Plaintiff to show good cause why this matter should not be dismissed for the reasons set forth in the M&O. This matter is before the Court on Plaintiff's response and motion for extension of time (Doc. 8).

Plaintiff claims that Kansas Department of Corrections ("KDOC") sentence computation officials violated her constitutional rights due to her overdetention. The Court found in the M&O that while Plaintiff was serving the custody portion of her sentence the state court's original sentencing order was still in effect. Plaintiff's original sentence was not invalidated until the Kansas Court of Appeals ruled on her appeal—after she had already served the custody portion of her sentence and was released.

The Court found that government officials enjoy quasi-judicial immunity when executing facially valid court orders.[1] The Tenth Circuit has held that "[j]ust as judges acting in their judicial capacity are absolutely immune from liability under section 1983, official[s] charged with the duty

[1] "The 'absolute immunity' available to individuals executing a court order is also sometimes alternatively referred to as 'quasi-judicial immunity.'" *Moss v. Kopp*, 559 F.3d 1155, at n.9 (10th Cir. 2009) (citing *Turney*, 898 F.2d at 1472).

of executing a facially valid court order enjoy[ ] absolute immunity from liability for damages in a suit challenging conduct prescribed by that order." *Moss v. Kopp,* 559 F.3d 1155, 1163 (10th Cir. 2009) (citations omitted). Absolute immunity for such officials is needed to ensure that they can perform their official duties without the need to secure permanent legal counsel. *Id.* (citations omitted).

The Court noted in the M&O that for the state officials to be entitled to quasi-judicial immunity, "the judge issuing the disputed order must be immune from liability in his or her own right, the officials executing the order must act within the scope of their own jurisdiction, and the officials must only act as prescribed by the order in question." *Moss*, 559 F.3d at 1163. In addition, the court order must be "facially valid." *Id.* at 1164 (citing *Turney*, 898 F.2d at 1472 (holding that officials charged with the duty of executing a facially valid court order enjoy absolute immunity)). The Court found that nothing in Plaintiff's Amended Complaint suggests that the state court judge sentencing her lacks immunity from liability in his own right, and Plaintiff failed to allege that the original sentencing order was not "facially valid." Plaintiff does not claim that she made any prison officials aware that her sentence may be invalid.

The Court stated in the M&O that it is required by statute to dismiss a case if at any time the Court determines that the action "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(b)(2)(B)(iii). The Court ordered Plaintiff to show good cause, in writing to the undersigned, why this matter should not be dismissed under § 1915(b)(2)(B)(iii).

Plaintiff's response does not dispute the Court's findings in the M&O. She states that she "does not contend that KDOD personnel independently miscalculated her sentence, credits, good time, sentence sequencing, or release date." (Doc. 8, at 2.) Plaintiff seeks additional time to determine whether amendment is legally and factually appropriate. *Id*. Plaintiff claims that she is

withdrawing "any contention that KDOC caused the alleged excess confinement through an independent sentence-computation error." *Id*. "Plaintiff does not allege that KDOC was required to disregard the sentencing order, anticipate the subsequent appellate decision, or independently correct the criminal-history determination made during the sentencing process." *Id*.

Although Plaintiff does not dispute the findings in the M&O, she seeks an extension of time until November 9, 2026, to review the confidential appellate PSI to allow her to reconcile the Sedgwick County PSI materials with the records transmitted on appeal. *Id*. at 4. She claims that this will allow her to "complete the sentencing-error records, and determine what allegations, if any, can responsibly be asserted in an amended pleading." *Id*. The Court will grant Plaintiff's request to the extent that the Court will grant Plaintiff until November 9, 2026, in which to supplement her response at Doc. 8.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's request for an extension of time (Doc. 8) is **granted** to the extent that the Court will grant Plaintiff until **November 9, 2026**, in which to supplement her response at Doc. 8.

**IT IS SO ORDERED**.

**Dated October 28, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**